UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GAIL MOSS,

        Plaintiffs,

v.

DENNIS J. BARTON, III,

        Defendant.

No. 4:13-CV-2535 RLW

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 45). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Gail Moss ("Plaintiff") had a debt for medical services that she received from St. Anthony's Medical Center ("SAMC"). (First Amended Complaint ("FAC"), ECF No. 42, ¶10). Defendant Dennis Barton ("Barton") is an attorney in Missouri. (FAC, ¶10). Defendant Roger Weiss ("Weiss") is the principal officer of Defendant Consumer Adjustment Company, Inc., also known as "CACi"), and is himself a debt collector. (FAC, ¶12). Defendant CACi is a Missouri corporation and a debt collector. (FAC, ¶13). On October 5, 2012, CACi sent Plaintiff a collection letter. (FAC, ¶17). The letter stated that Plaintiff owed $1,588.64. (FAC, ¶18). In the letter, CACi did not disclose that it was charging Plaintiff interest on the debt. (FAC, ¶19).

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Sometime prior to December 6, 2012, Weiss arranged for the assignment or sale of Plaintiff's debt from St. Anthony's Medical Center ("SAMC") to himself or his debt collection business, CACi. (FAC, ¶23). The assignment document executed by SAMC specified that CACi and/or Weiss were to file suit in their own name(s) as assignee(s) of the debt. (FAC, ¶24). In February 2013, Weiss transferred a number of debts that CACi was collecting, including Plaintiff's debt, to Senex. (FAC, ¶30). Although Defendants knew or should have known that Senex would be collecting on Plaintiff's debt, Defendants continued to garnish Plaintiff in the name of SAMC. (FAC, ¶¶30-31).

On October 23, 2012, Barton sent a collection letter to Plaintiff. (FAC, ¶32). In the letter, he stated that he represented SAMC and was attempting to collect the debt from Plaintiff. (FAC, ¶33). Barton's letter did not state the amount of the debt. (FAC, ¶45).

On December 6, 2012, Barton filed a lawsuit against Plaintiff in the Circuit Court of Jefferson County, Associate Division, styled "St. Anthony's Medical Center v. Gail Moss," case number 12SL-AC42746 (the "Lawsuit"). (FAC, ¶47). Barton identified SAMC as the only plaintiff. (FAC, ¶48). The Lawsuit stated that a demand for payment was made to Plaintiff for $1,588.64 on March 10, 2010, but this was false. (FAC, ¶60).

Shortly before Plaintiff's first court date (January 9, 2013), Plaintiff telephoned Barton regarding settlement options. (FAC, ¶¶63-64). Plaintiff offered to make monthly payments in the amount of $50. (FAC, ¶65). In response, Barton yelled at Plaintiff and called Plaintiff a "deadbeat." (FAC, ¶¶66-67). He told Plaintiff it would take "the rest of [her] natural life" to pay off the debt. (FAC, ¶68). Barton told Plaintiff that he would accept nothing less than $100. (FAC, ¶69). Plaintiff became upset and ended the telephone call crying. (FAC, ¶70). At the January 9, 2013 court date, Plaintiff signed a consent judgment in the amount of $1992.50, with

execution stayed upon monthly payments of $100. (FAC, ¶71). Barton represented that he worked directly for SAMC. (FAC, ¶73). If Plaintiff had known that Barton worked for a debt collector, then she would not have signed the consent judgment; she would have requested proof of the debt and related charges, including interest. (FAC, ¶74). On January 9, 2013, Plaintiff indicated that she would send in her payments via personal check (FAC, ¶72), but Barton refused to cash it. (FAC¶77). Barton immediately began garnishing Plaintiff's wages. (FAC ¶¶78-81). From February 2013 through June 2013, Barton, on behalf of Defendants Weiss and CACi, took more than $1200 in wages from Plaintiff in the name of SAMC. (FAC, ¶82). After June 2013, Barton began accepting Plaintiff's $100 monthly checks. (FAC, ¶83). In November 2013, Plaintiff asked Barton to provide receipts for her payments, but Barton refused to provide receipts and refused to explain to Plaintiff how her payments were applied or the remaining balance. (FAC, ¶¶84-88).

In December 2013, Plaintiff learned that Barton never represented SAMC regarding any attempts to collect debts. (FAC, ¶91). In the First Amended Complaint, Plaintiff alleges claims for violation of the FDCPA (Count I), abuse of process (Count II), and conversion (Count III).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### A. Rooker-Feldman

Barton asserts that this Court lacks subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine. (ECF No. 48 at 3). This issue was addressed by the Eighth Circuit:

> Barton obtained a Missouri default judgment on the initial debt action. He then obtained the Illinois wage garnishment order with no defense or objection from Hageman. "The fact that a judgment was entered on a party's default does not alter the applicability of the *Rooker–Feldman* doctrine." *MSK EyEs Ltd.,* 546 F.3d at 539. Through his federal complaint, Hageman seeks relief from neither the Missouri judgment nor the Illinois garnishment order. Rather, he alleges statutory violations seeking statutory penalties based on Barton's actions in the process of obtaining the judgment and order. As such, *Rooker–Feldman* does not apply, and we may exercise jurisdiction over Hageman's federal claims.

*Hageman v. Barton*, No. 14-3665, 2016 WL 1212235, at *4 (8th Cir. Mar. 29, 2016). The same reasoning applies in this case. The Court finds that it may exercise jurisdiction in this case and denies Barton's Motion to Dismiss on this basis.

### B. FDCPA Claim

#### 1. Statute of Limitations/Equitable Tolling

Barton asserts that Plaintiff's FDCPA claims relating to Barton's letter to Plaintiff are barred by §1692k(d)'s one year statute of limitations. (ECF No. 48 at 7-8). *See* 15 U.S.C.A. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate

United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."); *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 260 (8th Cir. 1992).

Barton asserts that the statute of limitations began to run on October 23, 2012, the date the letter was sent to Plaintiff. (ECF No. 48 at 7). Plaintiff filed her Complaint on December 20, 2013, which was over one year after the date Barton sent Plaintiff the letter. Barton also claims that Plaintiff failed to adequately plead the date of the telephone call between Barton and Plaintiff, which occurred shortly before the January 9, 2013 court date. (ECF No. 48 at 8 (citing FAC, ¶¶64, 66-68)). Barton argues that the Court is left to speculate that the call happened before January 9, 2013 but not before December 20, 2012. (ECF No. 48 at 8). Barton asked that the Court dismiss any FDCPA claims related to the phone call with prejudice as barred by §1692k(d) or, in the alternative, for a more definite statement as to the occurrence of the telephone call. (ECF No. 48 at 8).

The Court holds that Plaintiff's claims based upon the initial collection letter are time barred. The FDCPA's statute of limitations in section 1692k(d) is jurisdictional and cannot be equitably tolled. *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 262 (8th Cir. 1992); *Hageman*, 2016 WL 1212235, at *4 ("[T]he FDCPA's statute of limitations as jurisdictional. It is well-established, as a general matter in the Eighth Circuit, that jurisdictional limitation periods are not subject to equitable tolling."). Plaintiff's claims under the FDCPA based upon the initial claim letter of October 23, 2012 are time barred and must be dismissed. With respect to the telephone call prior to the January 9, 2013 hearing, the Court cannot tell at this point whether claims related to that phone call are time barred. The Court notes that Plaintiff's allegations regarding the date of the telephone call are unclear. The Court, however, believes that this date issue can be

addressed through discovery. If Barton later learns that Plaintiff's claims regarding the date of the telephone call are time barred, then he can file a renewed motion to dismiss.

**2. Amount of Interest Sought**

Plaintiff alleged that Barton violated §1692e and §1692g by "[f]ailing to state the amount of the debt[.]" Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section §1692g(a) requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall ... send the consumer a written notice containing the amount of the debt ..."

Barton contends that the request in his Petition in state court for prejudgment interest did not violate the FDCPA because Missouri law allowed Barton (on behalf of SAMC) to seek prejudgment interest. (ECF No. 48 at 9(citing §408.020, R.S. Mo.). Barton notes that his Petition specifically sought nine percent (9%) prejudgment interest and the Judgment stated that prejudgment and post-judgment interest would run at the statutory rate of nine percent (9%). (ECF No. 48 at 9-10) Therefore, Barton claims that Plaintiff cannot state a claim for a FDCPA violation based upon the interest charged.

In turn, Plaintiff notes that to obtain prejudgment interest, the creditor must make a demand of payment prior to them becoming due and payable. (ECF No. 53 at 5 (citing Mo. Rev. Stat. §408.020)). Plaintiff contends that Barton did not satisfy the terms of §408.020 because Barton fabricated the demand date stated in the petition of the underlying Lawsuit so he could try to collect interest. (FAC, ¶¶60-62). Plaintiff also allege that Barton was not authorized to collect this interest on behalf of SAMC because (1) he was not SAMC's attorney and (2) SAMC had no standing to sue Plaintiff. (ECF No. 53 at 5 (citing FAC, ¶¶5-55, 25-27)). As a result, Plaintiff

maintains that Barton was not authorized to collect interest and was in violation of Section 1692f(1). (ECF No. 53 at 5).

Taking the facts alleged in the Complaint as true, the Court holds that Plaintiff has pleaded facts showing entitlement to relief under the FDCPA. Missouri law does not authorize prejudgment interest in the absence of a demand, and it is a violation of the FDCPA to collect or attempt to collect any amount, including interest, unless "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1). "Courts have concluded that the FDCPA applies to pleadings filed in state court actions." *Mueller v. Barton*, No. 4:13-CV-2523 CAS, 2014 WL 4546061, at *7 (E.D. Mo. Sept. 12, 2014)(citing *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir.2003) (complaint filed in state collection action subject to FDCPA); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir.2000) (same)). Therefore, the Court denies Barton's motion to dismiss Plaintiff's claims concerning prejudgment interest will be denied.

Further, with respect to prejudgment and post judgment interest, the Court agrees with the reasoning of *Mueller v. Barton*, No. 4:13-CV-2523 CAS, 2014 WL 454606 (E.D. Mo. Sept. 12, 2014). The *Mueller* court noted that,

> [i]n the Eighth Circuit, whether a collection letter is false, misleading or deceptive in violation of 15 U.S.C. § 1692e is viewed through the eyes of the "unsophisticated consumer." *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir.2002) (quoted case omitted). This test is meant to protect uninformed or naive consumers of "below average sophistication, [but] it also involves an element of reasonableness that prevents bizarre interpretations of debt collection notices." *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 955 (8th Cir.2006).

*Mueller*, 2014 WL 4546061, at *8. The *Mueller* court assumed, without deciding, that the unsophisticated consumer test also applied to consent judgments. *Id.* The *Mueller* court held

that it could not "say as a matter of law that it is 'bizarre' or defies logic for an uninformed consumer to believe interest would not accrue on a judgment that was stayed while she made monthly payments, particularly if she was told by the judgment creditor's attorney that her payments would go to the principal balance." *Id.* Here, Barton allegedly did not tell Plaintiff that interest would accrue. Therefore, the Court "concludes that plaintiff's claim with respect to the consent judgment asserts sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Iqbal,* 556 U.S. at 678). The Court denies Barton's motion to dismiss Plaintiff's FDCPA claims concerning the consent judgment.

### 3. SAMC's Interest

Plaintiff alleges that Barton violated §1692e by "[f]iling suit against Plaintiff on behalf of [SAMC] when Defendants knew that the real party interest was CACi and/or Weiss, 15 U.S.C. §1692e[.]" Plaintiff pleaded that pursuant to §425.300, SAMC assigned Plaintiff's debt to CACi and Weiss so that they were the only real parties in interest who could file a lawsuit to collect the debt. (FAC, ¶25).

Barton contends that he had the right to bring this action in the name of SAMC because "Missouri law allows for a suit to be brought in the name of the creditor even after this type of limited assignment." (ECF No. 48 at 10-12 (citing *Skaggs Reg'l Med. Ctr. v. Powers*, 419 S.W.3d 920 (Mo. Ct. App. 2014)). Under *Powers*, Barton contends that the creditor has standing as a real party in interest because assignments pursuant to §425.300 are partial assignments and the creditor would receive part of the funds collected from a trial court judgment. (ECF No. 48 at 12 (citing Powers, 419 S.W. 3d at 922). Barton notes that SAMC's assignment is a partial assignment of its interest in the debt for billing and collection purposes only. (ECF No. 48 at 12). Therefore, Barton contends that SAMC was a proper party to bring the lawsuit in this case.

The Court holds that Barton's filing of a state lawsuit solely in SAMC's name could constitute a deceptive practice under the FDCPA. *Harris v. Barton,* 2014 WL 3701037, at \*3 (E.D. Mo. July 25, 2014); *Mueller v,* 2014 WL 4546061, at \*10. The Court holds that, contrary to Barton's claim, *Powers* does not hold as a matter of law that all assignments under § 425.300 are partial assignments. *See Mueller,* 2014 WL 4546061, at \*10 (E.D. Mo. Sept. 12, 2014). Further, the Complaint alleges that SAMC assigned the debt to CACi and/or Weiss, and that the assignment document specified CACi and/or Weiss were to file suit in their own names as assignee of the debt. (FAC, ¶¶23-31). "Whether the assignment from [SAMC] to CACi and Weiss was a complete assignment, as the Complaint alleges, or a partial assignment for purposes of billing and collection as Barton argues, is not a question of law but rather is a factual matter that is not appropriate for resolution on a motion to dismiss." *Mueller,* 2014 WL 4546061, at \*10. The Court concludes that plaintiff's claims based on Barton's action of filing the state court suit, obtaining a judgment and collecting on the judgment in SAMC's name assert sufficient factual matter, accepted as true, to state a plausible claim for relief under the FDCPA. Barton's motion to dismiss on this basis is denied.

### 4. Barton's Identification as SAMC's Attorney

Plaintiff alleges that Barton violated §1692d-f by "[f]alsely implying that an attorney, Barton, was involved in the collection of the debt as of the date of Barton's initial collection letter." (FAC, ¶96(d)). Section 1692d states, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692f provides, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

Barton contends that he did nothing to "harass, oppress, or abuse" Plaintiff and his representation that he represented SAMC did not equate to an unfair or unconscionable means to attempt to collect Plaintiff's debt. (ECF No. 48 at 13). Barton maintains that "[e]ven if SAMC did not directly contract with Defendant and know that Defendant was representing SAMC in collection cases, CACi was authorized to hire him as SAMC attorney for purposes of collection cases." (ECF No. 48 at 13). Barton asserts that "SAMC's assignment to CACi pursuant to Missouri Statute 425.300 authorized CACi to hire Defendant to file the Lawsuit with SAMC as the named plaintiff" and, therefore, did not violate the FDCPA. (ECF No. 48 at 14).

Plaintiff alleged in the Complaint that "Barton was not the attorney for [SAMC]" and SAMC did not authorize Barton to file the Lawsuit. (FAC, ¶¶54-55). Plaintiff argues that this allegation constitutes a viable claim under §1692e, which prohibits false or misleading representations, and under §1692f, which prohibits unfair practices. (ECF No. 53 at 5-6).

The Court holds that the Complaint alleges that Barton falsely represented to Plaintiff that he was SAMC's attorney. Accepting this allegation as true, Plaintiff's allegation states a claim for relief under the FDCPA. The Court denies Barton's motion to dismiss on this basis.

### 5. Garnishment

Barton contends that he properly filed a garnishment action against Plaintiff because Plaintiff violated the terms of the consent judgment which states, "[e]xecution stayed upon payment by Defendant(s) of $100.00 by cashier's check or money order payable to The Barton Law Group, LLC...." (ECF No. 48 at 14-15). Barton states that Plaintiff's allegation that she sent Barton's firm a personal check, and not guaranteed funds as contemplated in the consent judgment, is a breach of the consent judgment. As a result, Barton claims that he fully complied with the FDCPA in filing the garnishment and Plaintiff failed to state a claim related to it.

In response, Plaintiff contends that she has alleged a FDCPA claim based upon Barton's garnishment because Barton failed to apprise Plaintiff of his cashier's check requirement, refused to accept Plaintiff's tendered payment, and garnished her wages in violation of the consent judgment. (ECF No. 53 at 11). Plaintiff contends that Barton refused to accept Plaintiff's tendered payment so that he could garnish Plaintiff in amounts greater than the $100 monthly consent payment amount. (ECF No. 53 at 11).

Although it is unclear whether this is a stand-alone claim, the Court notes that the Judgment specifically states that execution of the Judgment would stayed "upon payment by Defendant(s) of $100.00 by cashier's check or money order...." (ECF No. 48-2). Even under the unsophisticated consumer standard, the Court finds that this was not misleading. Thus, to the extent that Plaintiff alleges a claim based upon Barton's refusal to accept her personal check, the Court finds that such claim should be dismissed.

### C. Abuse of Process

In Count II, Plaintiff alleged a state law claim for abuse of process. (FAC, ¶97-106). "There are three elements that a successful plaintiff must prove to succeed on a claim for abuse of process under Missouri law: '(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted.' *Stafford v. Muster,* 582 S.W.2d 670, 678 (Mo.1979) (en banc)." *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 n. 4 (8th Cir.2002). "'Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process.' *Ritterbusch v. Holt,* 789 S.W.2d 491, 493 n. 1 (Mo.1990) (en banc)." *Nichols,* 284 F.3d at 861 n. 4; *Simms v. Nationstar Mortgage,*

*LLC*, 44 F. Supp. 3d 927, 939 (E.D. Mo. 2014). A claim for "[a]buse of process is not appropriate where the action is confined to its regular function even if the plaintiff had an ulterior motive in bringing the action, or if the plaintiff knowingly brought the suit upon an unfounded claim. It is where the claim is brought not to recover on the cause of action stated, but to accomplish a purpose for which the process was not designed that there is an abuse of process." *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 862 (Mo.Ct.App.2000), *abrogated on other grounds by Ellison v. Fry,* 437 S.W.3d 762, 769–72 (Mo.2014) (en banc).

Barton states that, because the law permitted SAMC to be the named plaintiff in the Lawsuit after the §425.300 assignment and because SAMC had a right to pursue its claim for outstanding medical bills, the Lawsuit was an appropriate means by which to recover from Plaintiff's outstanding medical bills. (ECF No. 48 at 16-17). Therefore, Barton claims that Count II of the Complaint fails to state a claim for abuse of process against him. (ECF No. 48 at 17).

Plaintiff alleges that Barton filed the Lawsuit against her and garnished her wages and that Barton undertook these processes for improper collateral purposes. (ECF No. 53 at 26). Specifically, Plaintiff contends that Barton (1) forced Plaintiff to pay a debt or additional charges on the debt that she did not owe; (2) forced Plaintiff to pay a debt that the named plaintiff (SAMC) in the Lawsuit had no interest in collecting; (3) duped Plaintiff into believing that that original creditor, SAMC, was suing her and not CACi, a mere debt collector; (4) obtained a judgment against Plaintiff in the name of SAMC when it was impossible to do so under the law because SAMC was not Barton's client and never hired him to sue Plaintiff; and (5) harassed and intimidated Plaintiff. (ECF No. 53 at 26 (citing FAC, ¶¶57-58, 100-04)). Plaintiff maintains that these collateral, improper purposes are not authorized or warranted by the processes invoked, particularly filing a lawsuit and obtaining a judgment. (ECF No. 53 at 26). Finally, Plaintiff

alleges that she suffered monetary loss, damage to her credit rating, and emotional distress damages. (ECF No. 53 at 26 (citing FAC, ¶105)).

The Court holds that Plaintiff properly alleges a claim for abuse of process. As noted by the *Mueller* court, "[t]he fact that plaintiff allegedly owed a debt to [SAMC] for medical services and that Barton filed a petition on account does not necessarily mean the state court suit cannot constitute an abuse of process[.]" *Mueller*, 2014 WL 4546061, at *14-15 (citing *West v. West*, 694 F.3d 904, 906 (7th Cir. 2012)). Barton has failed to cite to an case law to support his claim that Plaintiff's factual allegations do not rise to the level of improper collateral purposes. Therefore, the Court denies Plaintiff's motion to dismiss as to Plaintiff's abuse of process claim.

### D. Conversion

In Count III of the Complaint, Plaintiff alleges a claim for conversion. (FAC, ¶¶107-16). Plaintiff alleges that Barton committed conversion when he obtained "approximately $1,200 in wages from Plaintiff, in Defendants' possession for a specific purpose, namely satisfying a debt and/or a judgment they knew or should have known was invalid." (FAC, ¶108). Plaintiff asserts that Barton had "no right to garnish Plaintiff's wages because [he] knew or should have known that the judgment [he] obtained against Plaintiff was invalid because Barton misrepresented his status as the attorney for [SAMC]." (FAC, 11).

Under Missouri law, conversion occurs where there is an "unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Emerick v. Mutual Benefit Life Ins. Co.*, 756 S.W.2d 513, 523 (Mo. 1988). As such, a claim for conversion has the following three elements: "(1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession." *JEP*

*Enters., Inc. v. Wehrenberg, Inc.,* 42 S.W.3d 773, 776 (Mo. Ct. App. 2001). A party who takes possession of property lawfully but then wrongfully refuses to return it to its owner may be subject to liability for conversion. *Monarch Fire Prot. Dist. of St. Louis Cty., Missouri v. Freedom Consulting & Auditing Servs., Inc.*, 678 F. Supp. 2d 927, 944 (E.D. Mo. 2009) (citing *Emerick,* 756 S.W.2d at 525).

Barton contends that a claim for money does not give rise to a conversion action unless funds are given for one purpose but used for another. (ECF No. 48 at 17-18). Barton asserts that Plaintiff has not alleged that money was misappropriated from one purpose to another. Rather, Barton claims that the money was used to satisfy a debt that Plaintiff has not moved to set aside. (ECF No. 48 at 18). As a result, Barton claims that Plaintiff's claim for conversion fails as a matter of law.

In response, Plaintiff alleges that Barton took $1200 from her to satisfy the judgment taken on behalf of SAMC. (ECF No. 53 at 27 (citing FAC, ¶108)). Plaintiff also notes that she alleged Barton used false pretenses by misrepresenting that he was SAMC's attorney in order to obtain the $1200. (ECF No. 53 at 27 (citing FAC, ¶109)). Plaintiff maintains Barton stole Plaintiff's $1200 fund by taking it through a garnishment when he knew that he had obtained the consent judgment by false pretenses. (ECF No. 53 at 27 (citing FAC, ¶110-14)). Plaintiff asserts that she "never would have signed the consent judgment" if she had known that Barton was lying about representing SAMC. (ECF No. 53 at 27 (citing FAC, ¶110)).

Plaintiff's response seems to indicate that Plaintiff is alleging that Barton took the $1200 in funds to satisfy a judgment obtained through misrepresentation and not a "proper" judgment. (ECF No. 53 at 27). Here, Barton obtained a valid judgment against Plaintiff that has not been challenged or moved to set aside in state court. *See Petsche v. EMC Mortgage Corp.*, 830 F.

Supp. 2d 663, 673 (D. Minn. 2011) (granting the motion to dismiss where there was no genuine dispute about the validity of the judgment); *Mueller*, 2014 WL 4546061, at *17. Therefore, the Court grants Barton's motion to dismiss Plaintiff's claim for conversion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 45) is **GRANTED**, in part, and **DENIED**, in part, as discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument Re: Motion to Dismiss (ECF No. 59) is **DENIED** as moot.

Dated this 8th day of April, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**